UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONISE REITZ, on behalf of herself and all other persons similarly situated, ) ) ) Plaintiff(s), ) ) vs. ) NATIONSTAR MORTGAGE LLC and ) FORTRESS INVESTMENT GROUP, LLC, ) ) Defendants. ) | Case No. 4:12CV117SNLJ,) |

**MEMORANDUM AND ORDER**

Plaintiff has filed this cause of action alleging that defendants have engaged in an "intentional and systematic" program to avoid offering or failing to offer permanent mortgage loan modifications in violation of certain federal loan programs. This matter is before the Court on defendant Fortress Investment Group's (hereinafter referred to as defendant Fortress) motion to dismiss under Rules 12(b)(2) and 12(b)(6) [16][1], filed March 23, 2012; and plaintiff's motion to conduct jurisdictional discovery and request for additional time to respond to defendant Fortress' motion to dismiss for lack of personal jurisdiction [26], filed April 20, 2012. Responsive pleadings have all been filed and this matter is ripe for disposition.

The Court has carefully reviewed the plaintiff's complaint and ascertains that all her allegations are asserted against defendant Nationstar only. All of the plaintiff's allegations of interactions concerning her loan, her loan modifications, and communications, were with

---

[1]Defendant Fortress' motion to dismiss primarily relies upon an assertion of lack of personal jurisdiction under Rule 12(b)(2) and simply joins in defendant Nationstar's pending Rule 12(b)(6) motion to dismiss [13], filed March 23, 2012.

defendant Nationstar.  There is not a single allegation of misconduct giving rise to this lawsuit asserted against defendant Fortress.

Even so, plaintiff now asserts that because one (1) man (Wesley R. Edens) sits on the Board of Directors of both defendants; two (2) other former Fortress employees were given positions at Nationstar, and a vague reference to the defendants' respective websites "show[ing] evidence of an overlap in leadership of the companies", she is entitled to conduct jurisdictional discovery.  She contends that such discovery is necessary to show that the degree of overlap between the defendants is such that Fortress was significantly involved in Nationstar's loan servicing activities; and thus, subject to liability in this lawsuit.  She seeks to depose unidentified persons and "any shared documents" in order to determine Fortress' involvement, if any, in Nationstar's loan servicing activities.

Defendant Fortress has presented the Court with undisputed jurisdictional evidence that it has no contractual or business presence in Missouri; that it has no directors, officers or employees based in or residing in Missouri; that it maintains no business office, place of business, mailing address, or telephone listing in Missouri, that it does not now or has ever paid any Missouri state or local taxes, and that it does not maintain any advertisements soliciting business in Missouri.  Defendant Fortress' Exhibit [16-1] - Declaration of Michael Cohn.

Furthermore, defendant Fortress has provided undisputed evidence that it is a holding company that neither owns defendant Nationstar or controls its daily operations.  Cohn Declaration.  Finally, defendant Fortress has presented undisputed evidence that it had no knowledge of any servicing activities of plaintiff Reitz' loan by Nationstar prior to the filing of this lawsuit.

"When a plaintiff offers only speculation or conclusory allegations about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." <u>Viasystems, Inc. v. EBM-Papst St. Georgen Gmbh & Co., KG</u>, 646 F.3d. 589, 598 (8th Cir. 2011)(*quoting* <u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d. 1070, 1074 n.1 (8th Cir. 2004); *see also*, <u>Fraserside IP LLC v. Kovalchuk, et. al.</u>, 2012 WL 718784, *8 (N.D.Iowa March 5, 2012)(citations omitted); <u>Ackerman v. Global Vehicles USA, Inc.</u>, 2011 WL 3847427, *2 (E.D.Mo. Aug. 26, 2011).

Here, plaintiff has failed to offer any jurisdictional facts to challenge Fortress' evidence of the lack of any contractual or business contacts in Missouri.  She only points to an alleged connection between the two companies based upon one shared director, and two (2) former Fortress employees now being employed by Nationstar.  Even if the two defendants share one director, plaintiff fails to articulate how this single connection can translate into the degree of control by Fortress over Nationstar necessary to import liability on Fortress for Nationstar's loan servicing activities.  She simply contends that based upon one shared director and websites giving biographical information on the companies' officers, that discovery is needed to support her contention that Fortress controls Nationstar to the degree necessary to establish a liability connection.  Her contentions are inadequate to support such a request.

As for the other two (2) individuals, the Court notes that the plaintiff's own complaint alleges that she originally took out her mortgage from GMAC Mortgage in 2006, and that this mortgage loan was assigned, sold, or transferred to defendant Nationstar on or about December 2008.  She further alleges that the misconduct of defendant Nationstar began in June 2009 when she first inquired about a loan modification, and that this alleged misconduct continued until February 2010.  However, the two (2) individuals identified in her motion as former employees of Fortress and now Nationstar employees, did not become Nationstar employees **until February**

3

**2012.** Plaintiff fails to explain how two (2) Fortress employees who began working for Nationstar **two (2) years after the alleged misconduct took place** can support her request for jurisdictional discovery based upon this employment allegedly demonstrating an "overlapping of leadership". Even if this were true, the facts, as alleged by the plaintiff herself, fail to show such "overlapping" during the relevant time-period. Essentially, plaintiff has failed to make even a *prima facie* showing of personal jurisdiction since she fails to show, even minimally, how one shared director establishes the level of control necessary to import liability and/or how two former employees of one defendant who became employees of the other defendant after the relevant time-period establishes corporate control at the time this cause of action arose.

As for the websites, they two fail to offer anything more than speculative assertions of "overlapping leadership". The websites exhibits show nothing more than background biographical material on a number of individuals; these websites offer nothing that demonstrates that the identified individuals were involved in the daily operations of Nationstar and/or Fortress during the relevant time-period. They certainly don't show "a history of appointing past Fortress directors to important leadership positions at Nationstar.". Plaintiff's Memorandum in Opposition [28], pg. 1.

Simply put, the plaintiff has only offered speculative and/or conclusory assertions about some kind of "leadership overlapping" between the two defendants. More importantly, she has failed to make a single allegation of long-arm jurisdiction over Fortress which meets Missouri's long-arm statutory requirements. To allow the plaintiff to conduct jurisdictional discovery based upon these attenuated and baseless assertions of a vague corporate connection is to permit a "fishing expedition" on the issue of personal jurisdiction. The Court will not allow such a waste of time and financial resources.

Although the Court will deny the plaintiff's motion to conduct jurisdictional discovery, it will extend the plaintiff additional time to respond to defendant Fortress' motion to dismiss for lack of personal jurisdiction.  Meanwhile, the Court will hold defendant Fortress' motion to dismiss for lack of personal jurisdiction in abeyance until such time responsive pleadings have been filed and the matter is ripe for disposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to conduct jurisdictional discovery [26] be and is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's request for additional time to respond to defendant Fortress' motion to dismiss for lack of personal jurisdiction [16].  Plaintiff shall respond, in writing, on or before May 17, 2012 to defendant Fortress' motion to dismiss for lack of personal jurisdiction [16].  No extensions of time shall be granted except for good cause shown.

**IT IS FINALLY ORDERED** that defendant Fortress' motion to dismiss [16] be and is held in abeyance until such time plaintiff has responded to said motion, all responsive pleadings have been filed, and the matter is ripe for disposition.

Dated this    10th    day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE